UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DESHAUNA MIDKIFF                                                                                              Plaintiff

v.                                                                                           Civil Action No. 3:23-cv-00023-RGJ

REGIONAL FINANCE CORP., THE BANK                                                              Defendants
OF MISSOURI d/b/a FORTIVA; FIRST
FINANCIAL CREDIT, INC.; EQUIFAX
INFORMATION SERVICES, LLC; TRANS
UNION, LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

The Court declines to exercise supplemental jurisdiction over Plaintiff Deshauna Midkiff's ("Midkiff") remaining state law claims against Defendant First Financial Credit ("FFC"). As a result, the case is **REMANDED** to Hardin Circuit Court.

### I.   BACKGROUND

Midkiff filed this case in Hardin Circuit Court alleging violations of the Fair Credit Reporting Act ("FCRA") against Regional Acceptance Corporation[1], The Bank of Missouri d/b/a Fortiva, Equifax Information Services, Trans Union, and Experian Information Solutions. [DE 1-1]. Midkiff also alleged breach of the duty of good faith and fair dealing and fraud against FFC. [*Id.*]. The case was removed to this Court. [DE 1]. All federal law claims were dismissed during litigation, with the final claims being dismissed on November 16, 2023. [DE 27; DE 34; DE 46; DE 51]. Only the state law claims against FFC for fraud and breach of the duty of good faith and fair dealing remain. [DE 1-1]. The parties have paused discovery awaiting disposition of FFC's pending motions [DE 31; DE 33].

---

[1] Regional Acceptance Corporation was incorrectly named in this suit as Regional Finance Corporation. [DE 1 at 1].

## II.     STANDARD

The exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367.  The statute states that a court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction . . ." 28 U.S.C. § 1367(c)(3). A district court's "decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  A court may remand *sua sponte* or by motion of a party. *See Olivares v. Performance Cont. Grp.*, 76 F. App'x 603 (6th Cir. 2003) (affirming a district court's *sua sponte* decision to decline supplemental jurisdiction over remaining state law claims). "In determining whether to exercise supplemental jurisdiction, federal courts balance the values of judicial economy, convenience to the parties, fairness and comity to state courts." *Packard*, 423 F. App'x at 584 (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir.2010)).  "Comity to state courts is considered a substantial interest; therefore, [the Sixth Circuit] applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir.2006)).

## III.     ANALYSIS

In this case, all factors counsel remanding to state court.  Only state law claims remain. [DE 1-1; DE 27; DE 34; DE 46; DE 51].  The case is in the early stages of litigation, and the

parties have paused discovery pending ruling on FFC's motion for judgment on the pleadings. [DE 49]. Neither the parties nor the Court have expended resources such that remand would be unfair or inefficient. *Cf. Packard*, 423 F. App'x at 585 (holding remand was proper when parties had only briefed the issues of preemption and federal defenses). The Court finds no reason to depart from the general presumption that remand is proper when all federal claims are dismissed before trial. *See Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir.1996) ("[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . .").

## IV.   CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the case is **REMANDED** to Hardin Circuit Court.